IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | CIVIL ACTION |
| Plaintiff | ) ) | FILE NO. 1:23-CV-00098-JRH-BKE |
| Vs. | ) ) ) | |
| C and H PAVING, INC., a/k/a C&H PAVING, INC., QUALITY ASPHALT, LLC, BENJAMIN CRANFORD, INC., BENJAMIN C. CRANFORD, JR., EMMALEE CRANFORD, ALL STAR CONCRETE, INC., CANAAN C. CRANFORD, and BENJAMIN C. CRANFORD, III, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

## ANSWER OF ALL STAR CONCRETE, INC., CANAAN C. CRANFORD AND BENJAMIN C. CRANFORD, III

NOW COME Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III and answers Plaintiff's Complaint as follows:

### First Defense

All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III are not parties to any agreement between the Plaintiff and Defendants C & H Paving, Inc., a/k/a C&H Paving, Inc. (hereinafter "C&H Paving") Quality Asphalt, LLC, Benjamin Cranford, Inc., Benjamin C. Cranford, Jr., and EmmaLee Cranford, and the claims against those Defendants are based upon written contracts to which All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III are not parties.

1

**Second Defense**

The Plaintiff has waived any and all claims against Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III in that it obtained a deed to secure debt; assignment of rents, leases and security agreements from Benjamin C. Cranford, Jr. on May 12, 2022 regarding a $10 million obligation under a bond and took a 17.93 acre tract of land as security, all as shown by a security deed recorded in the Office of the Clerk of the Superior Court of Warren County, Georgia, in Deed Book 10F, pages 0756-0774, and did not take as a security interest any other property, including property that Defendant Benjamin C. Cranford, Jr., had promised to deed to his son and did in fact give as a gift to his son, Canaan C. Cranford, by deed dated May 3, 2022, which is recorded in said Clerk's Office in Deed Book 10F, pages 0645-0649. This action against All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III is nothing but an action of the Plaintiff seeking to expand its security when it did not previously request this property as security for any contingent indebtedness of C&H Paving.

**Third Defense**

The Plaintiff has failed to allege fraud with particularity against Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III, and no transfers were improper under the provisions of O.C.G.A. § 18-2-74, and no transfers were done with any actual intent to damage, hinder, delay or defraud Plaintiff; transfers to Benjamin C. Cranford, III were done as a birthday gift when he turned age 18 years and were done with knowledge of the Plaintiff at the time it took its security deed and when it elected to not include other property that had been owned and promised to be conveyed to the children of Benjamin C. Cranford, Jr. C&H Paving and Benjamin Cranford, Jr. did not retain possession or conceal the property transfer. The transfer was

not concealed at the time it was made. At the time of the transfer, neither C&H Paving nor Benjamin C. Cranford, Jr. had been threatened with suit and had not been sued. The transfer by Benjamin C. Cranford, Jr. was minor compared with other assets and C& H Paving and Benjamin C. Cranford, Jr. were not insolvent considering their claim against AT&T.

### Fourth Defense

Defendants C & H Paving, Inc., a/k/a C&H Paving, Inc., Quality Asphalt, LLC, Benjamin Cranford, Inc., and Benjamin C. Cranford, Jr. have claims against AT&T relating to the Georgia Highway Department of Transportation's contract that these Defendants were involved in completing, which claims caused substantial delays in completing DOT contracts during which time there was a substantial increase in material, labor and fuel costs beyond the time that these defendants had locked in those charges, and the claims that those Defendants have against AT&T will show that none of the actions that the Plaintiff has against Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III have merit in that they were not done in connection with any plans to cause any fraud upon the Plaintiff.

### Fifth Defense

Further answering the allegations contained in Plaintiff's Complaint, Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III state:

1. Paragraph 1 of Plaintiff's Complaint is admitted.

2. Paragraph 2 of Plaintiff's Complaint is admitted.

3. As to Paragraph 3, these Defendants state that they are without sufficient information about Quality Asphalt, LLC, but believe that Quality Asphalt, LLC has been dissolved; and further state that based upon information and belief, believe that Reginald D. Mabus may have entered into a bankruptcy proceeding.

4. Paragraph 4 of Plaintiff's Complaint is admitted.

5. Paragraph 5 of Plaintiff's Complaint is admitted.

6. These Defendants admit that Emmalee Cranford is a citizen of the State of Georgia, admit that she lives in the Southern District of Georgia, and deny all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. These Defendants admit that All Star Concrete, Inc. is a citizen of the State of Georgia; states that its registered agent is Benjamin C. Cranston, III; states that its principal address is 204 Main Street, Thomson, Georgia; and states that all remaining allegations not specifically addressed herein are denied.

9. These Defendants admit that Canaan C. Cranford is a citizen of the State of Georgia and resides at 1452 Wrens Highway, Thomson, Georgia.

10. These Defendants admit that Benjamin C. Cranford, III, is a citizen of the State of Georgia and resides at 1136 Wrens Highway, Thomson, Georgia.

11. These Defendants admit that as to Defendants C & H Paving, Inc., a/k/a C&H Paving, Inc., Benjamin Cranford, Inc., and Benjamin C. Cranford, Jr. jurisdiction and venue would be proper; but deny that the claims against these Defendants and Emmalee Cranford exceed $75,000.00 and deny that they are subject to the jurisdiction of this Court as will be determined as discovery is completed.

12. Paragraph 12 of Plaintiff's Complaint is admitted.

13. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.  Further answering the allegations contained in Paragraph 17, these Defendants state that they are aware of the fact that there are currently pending claims by C & H Paving, Inc., a/k/a C&H Paving, Inc., Quality Asphalt, LLC, Benjamin Cranford, Inc., Benjamin C. Cranford, Jr. against AT&T for delays caused in connection with the completion of certain Georgia Department of Transportation projects, and that when the claims against AT&T are resolved and those funds paid to Plaintiff then Plaintiff will have no claims against these Defendants.

18. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.  Furthermore, these Defendants are not parties to any such agreement.

21. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. These Defendants are without sufficient information so as to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint. Furthermore, these Defendants are not parties to any such agreement.

23. These Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated. These Defendants state that there have been no improper transfers to Canaan C. Cranford and the May 3, 2022 transfer is set forth in a Deed of Gift of record in the Office of the Clerk of the Superior Court of Warren County, Georgia. These Defendants deny that there was any improper transfer of any assets under O.C.G.A. § 18-2-74.

24. These Defendants are without knowledge as to exactly when the Plaintiff learned of any ownership interest between Benjamin C. Cranford, JR. and Benjamin C. Cranford, III, but state that all documents were filed of public record; and state that all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint not specifically addressed are denied. Defendants state that there have been no improper transfers of assets under O.C.G.A. § 18-2-74.

25. These Defendants are without known sufficient to form a belief as to exactly what Benjamin C. Cranford, Jr. agreed or did not agree to do, but states that any such agreement should have been in writing and does not affect the ownership interests of these Defendants.

26. These Defendants are without knowledge to form a belief as to exactly when Benjamin C. Cranford, Jr. advised the Plaintiff of anything; and for that reason deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. These Defendants state that in March 2022, the Plaintiff had actual and constructive knowledge of exactly what properties had been gifted, what properties were owned, and all other

6

facts in this case; and, state that there were no complaints made against these Defendants relating to the claims currently being made. No such transfers were made with actual intent to hinder, delay or defraud Plaintiff. All remaining allegations contained in Paragraph 28 of Plaintiff's Complaint of denied.

29. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint, except that All Star has attempted to limit any damages.

34. These Defendants are without knowledge sufficient to form a belief as to the truth of all of the allegations contained in Paragraph 34 of Plaintiff's Complaint. Defendant C&H Paving has subcontracted with All Star on the Jefferson County project with the increased costs being based upon the increased costs of material, fuel and labor.

35. Defendant All Star admits that it has subcontracted to perform certain work on the Jefferson County project; states that it is without knowledge as to exactly what information the Plaintiff has, but states that the cost of aggregate, asphalt, labor and fuel have drastically increased and that it is performing the obligations that it has agreed to do.

36. These Defendants are without knowledge sufficient to form a belief as to all what C&H did or did not do, but states that it has subcontracted to work for C&H Paving and that the increased costs are based upon increased material, fuel and labor costs.

37. Defendant All Star states that it is performing the obligations that it agreed to perform in connection with the use of equipment and therefore denies all remaining allegations contained in Paragraph 37 of Plaintiff's Complaint, except for those shown by documents attached. All Star states that it is paying the costs of equipment being used.

38. Defendant All Star states that it cannot perform the subcontract work or any other work unless it is paid to do that work based upon the current costs of materials, labor and fuel, and states that it has no obligation to the Plaintiff to perform work free of charge.

39. Defendant All Star admits that will not comply with the terms dictated by the Plaintiff in that it is a separately owned company and is not obligated under any bond with the Plaintiff. All Star states that it will perform the duties that it is subcontracted to perform if it is paid. All remaining allegations contained in Paragraph 39 are denied.

40. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. These Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

## Count I

44. These Defendants incorporate by reference their answers to Paragraphs 1 through 43 of Plaintiff's Complaint.

45. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint, except to the fact that these Defendants are aware of the fact that C&H Paving's failure to satisfy its obligations to the Georgia DOT was brought about by the actions of AT&T not performing its contract, which resulted in issues relating to C&H Paving's being able to perform due to increased costs of materials, labor and fuel.

46. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## Count II

52. These Defendants incorporate by reference their answers to paragraphs 1 through 43 of Plaintiff's Complaint.

53. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

54. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

55. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

56. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

57. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

58. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

59. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

60. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT III

61. These Defendants incorporate by reference their answers to paragraphs 1 through 43 of Plaintiff's Complaint.

62. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

64. These Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint and state that any and all transfers to Canaan C. Cranford were not concealed and were not fraudulent.

65. These Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

## COUNT IV

68. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

69. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

70. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

## COUNT V

73. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

74. These Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint and state that the Plaintiff had the opportunity to obtain what security it wanted to obtain from Benjamin C. Cranston, Jr., but any and all transfers that he made to Defendant Benjamin C. Cranston, III were not fraudulent transfers under O.C.G.A. § 18-2-74, and were not made with any actual intent to hinder, delay or defraud any creditor, and the transfer or obligation was never not disclosed and was never concealed. Any and all transfers made to Benjamin C. Cranford, III would not be voidable under O.C.G.A. § 18-2-74.

75. These Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. These Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. These Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint; and state that the transferee of certain equipment has assumed certain deed debts and paid them.

78. These Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint; and state this transfer was not voidable under O.C.G.A. § 18-2-74.

79. These Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT VI

80. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

81. These Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint; and state that any and all gifts were not voidable under O.C.G.A. § 18-2-74.

82. These Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. These Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. These Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. These Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. These Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint; and state that these transfers are not voidable under O.C.G.A. § 18-2-74.

## COUNT VII

87. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

88. These Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint, and state that all equipment, personnel or property being used by Defendants is being paid for by these Defendants and that transfer is not improper and not fraudulent under O.C.G.A. § 18-2-74.

89. These Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. These Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. These Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. These Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. These Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

## **COUNT VIII**

94. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

95. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. These Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.  These Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint. Furthermore, the Plaintiff should be estopped from proceeding against these Defendants in that it has benefited from their work.

100. These Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint. Any and all damages suffered by Plaintiff were caused by AT&T, not by any of these Defendants.

101. These Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. These Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. These Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

## COUNT IX

104. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

105. These Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. These Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. These Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. These Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. These Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. These Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. These Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

## COUNT X

112. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

113. These Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. These Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. These Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116. These Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

## COUNT XI

117. These Defendants incorporate by reference their answers to paragraphs 1 through 43.

118. These Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. These Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. These Defendants deny the truth of the allegations contained in Paragraph 121 of Plaintiff's Complaint.

121. These Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

122. These Defendants state that any and all allegations not previously addressed herein are denied.

WHEREFORE, Defendants All Star Concrete, Inc., Canaan C. Cranford and Benjamin C. Cranford, III having fully answered Plaintiff's Complaint pray that the claims against them be dismissed; that Plaintiff be required to satisfy its claim from any and all judgments that C&H Paving, Inc, a/k/a C&H Paving obtains from AT&T for the delays that have caused the damages to the Georgia DOT project; and that all costs of these proceedings including the attorneys' fees incurred by these Defendants be paid by the Plaintiff.

This 19th day of Sept., 2023.

                                                                */s/ John B. Long*
                                                                 JOHN B. LONG
                                                                 Georgia State Bar No. 457200
                                                                 jlong@tuckerlong.com

OF COUNSEL:

TUCKER EVERITT LONG BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GA  30903
(706) 722-0771
jlong@tuckerlong.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all Counsel of Record by the CM/ECF system upon:

**John Edward Price**
Fulcher Hagler, LLC
P.O. Box 1477
Augusta, GA 30903-1477
706-724-0171
Fax: 706-396-3645
Email: jprice@fulcherlaw.com

**Philip Keith Lichtman**
Mills Law Group
1397 Carroll Dr. NW
Suite 100
Atlanta, GA 30318
770-771-6404
Email: klichtman@mills-legal.com

**Matthew S. Cathey**
Stone & Baxter, LLP
577 Mulberry St.
Suite 800
Fickling & Co. Building
Macon, GA 31201
478-750-9898
Fax: 478-750-9899
Email: mcathey@stoneandbaxter.com

**J. Andrew Tisdale**
Tisdale Law Firm
207 N. Belair Road
Evans, GA 30809
706-869-1348
Fax: 706-869-9464
Email: andy@tisdalelawfirm.com

This 19th day of September, 2023.

*/s/ John B. Long*
JOHN B. LONG, ESQ.
Georgia State Bar No. 457200