IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FIDELITY AND DEPOSIT COMPANY          *
OF MARYLAND,                          *
                                      *
        Plaintiff,                    *
                                      *
        v.                            *          CV 123-098
                                      *
C AND H PAVING, INC. a/k/a C&H        *
PAVING, INC.; QUALITY ASPHALT,        *
LLC; BENJAMIN CRANFORD, INC.;         *
BENJAMIN C. CRANFORD, JR.;            *
EMMALEE CRANFORD; ALL STAR            *
CONCRETE, INC.; CANAAN C.             *
CRANFORD; and BENJAMIN C.             *
CRANFORD, III,                        *
                                      *
        Defendants.                   *

---

## O R D E R

Before the Court is Defendant Emma Lee Cranford's ("Ms. Cranford"), incorrectly named as "Emmalee Cranford," motion to strike Defendant Benjamin C. Cranford, Jr.'s ("Mr. Cranford") answer to Ms. Cranford's crossclaim against him and for entry of default as to the crossclaim. (Doc. 29.) For the following reasons, Ms. Cranford's motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed its complaint against Defendants, including Mr. Cranford and Ms. Cranford, on July 20, 2023. (Doc. 1.) Mr.

Cranford acknowledged service of the summons and complaint on August 10, 2023. (Doc. 7.) On August 22, 2023, Ms. Cranford responded to the complaint and filed a crossclaim against Mr. Cranford. (Doc. 9.) The crossclaim was served on Mr. Cranford though *through* the electronic-filing system of the Court on the same date. (Id. at 60.) Mr. Cranford moved for and was granted an extension of time to answer the complaint and crossclaim against him through and including October 2, 2023. (Docs. 10, 11.) Mr. Cranford filed an answer to the complaint on September 29, 2023. (Doc. 19.) Without moving for another extension of time, Mr. Cranford filed his answer to the crossclaim on November 6, 2023. (Doc. 24.) On November 13, 2023, Ms. Cranford moved to strike Mr. Cranford's answer to her crossclaim and moved for entry of default against him. (Doc. 29.) On November 15, 2023, Mr. Cranford filed his response in opposition to Ms. Cranford's motion. (Doc. 30.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Although reflective of 'the inherent power of the Court to prune down pleadings,' motions to strike are drastic, generally disfavored remedies." Tomason v. Stanley, 297 F.R.D. 541, 544 (S.D. Ga. 2014) (internal citations omitted). Therefore, a motion

2

to strike will generally "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." <u>Payne v. J.B. Hunt Transp., Inc.</u>, 154 F. Supp. 3d 1310, 1317 (M.D. Fla. 2016) (quoting <u>Seibel v. Soc'y Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

### III. DISCUSSION

The Court "ha[s] a strong preference for deciding cases on the merits — not based on a single missed deadline — whenever reasonably possible." <u>Perez v. Wells Fargo N.A.</u>, 774 F.3d 1329, 1332 (11th Cir. 2014). While Mr. Cranford's filing was late, Ms. Cranford has demonstrated no actual prejudice and made no showing that this is an extreme situation calling for the drastic remedy of striking Mr. Cranford's answer. <u>See</u> <u>Payne</u>, 154 F. Supp. 3d at 1317. The Court's preference for deciding cases on the merits, the fact Mr. Cranford's answer was filed only a month after the deadline and before entry of default, and no showing of prejudice by Ms. Cranford supports finding that a motion to strike is unwarranted.

Likewise, entry of default is inappropriate. Entry of default pursuant to Federal Rule of Civil Procedure 55 is appropriate only where "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*." FED. R. CIV. P. 55(a) (emphasis added). Here, Mr. Cranford defended this action

3

by filing his answer to the complaint and crossclaim and pursuing the defense of his alleged liability. Although the Court does not condone Mr. Cranford's lack of diligence in filing his answer to Ms. Cranford's crossclaim, "[j]udgments by default are a drastic remedy and should be resorted to only in extreme situations." Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc., 556 F.2d 308, 309 (5th Cir. 1977).[1] Again, Ms. Cranford demonstrated no actual prejudice and made no showing this is an extreme situation calling for drastic remedies, and "the record lacks evidence suggesting a pattern of delay or willful conduct by" Mr. Cranford. See Perez, 774 F.3d at 1339. The Court declines Ms. Cranford's invitation to render a judgment in this matter on any basis other than its merits. See id. at 1332. Accordingly, entry of default is improper.

## IV. CONCLUSION

For the foregoing reasons, Ms. Cranford's motion to strike and to enter default (Doc. 29) is **DENIED**.

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981 are binding precedent in the Eleventh Circuit).

**ORDER ENTERED** at Augusta, Georgia, this *30th* day of November, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA